737 So.2d 1227 (1999)
In the Interest of B.J., C.W., C.W., and T.W.
M.W., Appellant,
v.
State of Florida, Department of Children and Families, Appellee.
No. 98-00370.
District Court of Appeal of Florida, Second District.
July 28, 1999.
*1228 Byron P. Hileman, Winter Haven, for Appellant.
Rose Hilbelink, Lakeland, for Appellee.
PARKER, Acting Chief Judge.
M.W. (the Mother) appeals the trial court's order terminating her parental rights to four of her children.[1] Because the trial court's finding that the Mother committed egregious abuse is supported by clear and convincing evidence, we affirm.
The Mother first came to the attention of the courts in 1994 when the Department of Children and Family Services (DCFS)[2] filed a dependency petition against the Mother and her former husband. The DCFS placed her children with relatives, and the Mother substantially completed the case plan required by the DCFS. What precipitated this petition for termination was the homicide of the Mother's six-month-old child, M.W (infant M.W.).
On the morning of June 16, 1996, the Mother found a pallid infant M.W. in his crib, barely breathing. She attempted to resuscitate the infant and called paramedics. The paramedics stabilized infant M.W. and took him to the hospital. The infant was subsequently air-evacuated to another hospital, where he was disconnected from a ventilator after neurological tests showed no indications of higher brain functions.
The testimony of two doctors established that infant M.W. had suffered extensive hemorrhages in the neck, spinal cord, and base of the brain, in addition to a noted swelling of the brain. The doctors determined that infant M.W.'s injuries were caused by either blunt trauma or shaking. According to the doctors, the injuries were inflicted somewhere between two and five hours prior to his arrival at the hospital, at which time the infant was at home with his parents.
The Mother argues that the trial court could not find that she engaged in egregious conduct by causing infant M.W.'s death because the evidence applies with equal force to her husband. However, where there is evidence that a child suffered abuse by one or both of the parents present, there is clear and convincing evidence of egregious abuse to support termination of parental rights of both parents. See In re: M.T.T., 613 So.2d 575, *1229 577 (Fla. 1st DCA 1993) (affirming termination of parental rights of both parents where the evidence showed that the child was administered an overdose of drugs while in the care of both parents, but it was not clear which parent administered the drugs).
In this case, the DCFS presented evidence that infant M.W. died from abuse inflicted while in the care of both parents. During the time period in which the injuries were most likely inflicted, only the Mother, her husband, their eighteen-month-old child T.W., and infant M.W. were in the residence. There was no testimony that any adult other than the Mother and her husband had access to the infant between two and five hours prior to his arrival at the hospital.
Furthermore, the Mother is incorrect that the evidence applies with equal force to her husband. The Mother stated that she put infant M.W. to bed sometime after 4:00 a.m. on the night in question while her husband went to sleep. The Mother admitted to feeding infant M.W. prior to laying him down, and the police found a baby bottle containing alcohol in the residence. When she awoke at around 9:00 the next morning, the Mother heard what she thought was the voice of God asking her whether she would sacrifice her child, and she responded in the affirmative. Within minutes of hearing the voice, the Mother found infant M.W. in his crib.
There was no testimony to indicate that the husband had any contact with infant M.W. during the night of his death. In fact, during the investigation, the Mother insisted that her husband did not kill the infant. The evidence supports that the Mother inflicted infant M.W.'s injuries when she put him to sleep because he would not stop crying, even after she gave him some alcohol to calm him down. Because the trial court's finding that the Mother committed egregious abuse to infant M.W. is supported by clear and convincing evidence, we find no error in the trial court's order terminating the Mother's parental rights.
Affirmed.
BLUE and STRINGER, JJ., Concur.
NOTES
[1] Those children are B.J., born June 6, 1990, to the Mother and a former husband; T.W., born November 24, 1994, and male C.W., born August 18, 1997, both born to the Mother and her current husband; and female C.W., born July 17, 1993, to the Mother's current husband and his former wife. Additionally, there are three children not subject to this appeal, one, a child of the Mother and the current husband, and twin children born to the Mother and her former husband, none of which reside with the Mother.
[2] At the time of the petition, the DCFS was known as the Department of Health and Rehabilitative Services.