842 So.2d 1071 (2003)
D.S., the father, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D02-2266.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
*1072 Domenic Landolina of Schultz & Landolina, P.A., Stuart, for appellant.
Crystal Y. Yates-Hammond, Fort Pierce, for appellee.
DAMOORGIAN, DORIAN, Associate Judge.
D.S., a father, timely appeals an order terminating his parental rights to S.S., his only child. While we ultimately affirm the final order of termination, we note that portions of the trial court's order are not supported by the record; to wit: (i) the trial court's characterization of a DCF report as one of sexual abuse by the father; and (ii) the finding that the father's criminal history demonstrated that his involvement in the child's life would threaten the child's well-being regardless of the level of social services.
While we recognize that not all of the trial court's findings were supported by the record, we affirm, nevertheless, because there were other findings that clearly support the termination order. It is well-settled that, where the trial court's finding that there is "clear and convincing" evidence to terminate parental rights is supported by competent substantial evidence, we have no choice but to affirm. R.S. v. Dep't of Child. & Fams., 831 So.2d 1275 (Fla. 4th DCA 2000).
Although, here, the verified petition for adjudication of dependency made no allegation of sexual molestation by the father, the trial court made a specific finding which characterized a DCF report as a report of sexual abuse by the father. However, this finding was not supported by the record. Due to the extremely damaging nature of this erroneous finding, we felt compelled to clarify that it was not at all supported by the evidence and, thus, was not a valid ground for terminating the father's parental rights.
We also note that the lower court erred in its finding regarding the father's criminal history. A parent's criminal history and incarceration are factors the court may consider in deciding whether to terminate parental rights on the ground of abandonment. M.S. v. D.C., 763 So.2d 1051 (Fla. 4th DCA 1999). However, DCF presented no evidence that, because of the *1073 father's criminal history, his involvement in the child's life would threaten her well-being irrespective of the provision of services.
Notwithstanding the foregoing errors in the termination order, we affirm. Other reasons for terminating the father's parental rights are supported by the record, most notably the father's failure to substantially comply with his case plan and his abandonment of the child.
AFFIRMED.
GROSS and MAY, JJ., concur.