PER CURIAM.
Naomi Morrison appeals the summary denial of her post-conviction motion to vacate her plea to violation of probation and correct an allegedly illegal sentence. The trial court denied Morrison’s motion without ordering a state response. The trial court’s order entirely failed to address Morrison’s claim of an illegal sentence.
Morrison raised three legally sufficient issues in her post-conviction motion: (1) the plea was induced by counsel’s incorrect advice regarding the sentence the court would impose if the state’s plea offer was refused, see Kemner v. State, 770 So.2d 276 (Fla. 4th DCA 2000); but see Bond v. State, 695 So.2d 778 (Fla. 1st DCA 1997); (2) the court failed to credit her with the incareerative portion of her probationary split sentence; see Henderson v. State, 720 So.2d 1121 (Fla. 4th DCA 1998); Cozza v. State, 756 So.2d 272 (Fla. 3d DCA 2000); (3) the sentence imposed exceeded the sentencing guidelines beyond the one cell upward increase permitted for violation of probation, Franklin v. State, 545 So.2d 851 (Fla.1989).
The attachments to the trial court’s order do not conclusively refute Morrison’s claims. We reverse and remand for attachment of additional portions of the transcript and record that conclusively demonstrate that the appellant is entitled to no relief or for an evidentiary hearing.
REVERSED and REMANDED.
POLEN, C.J., STONE and TAYLOR, JJ., concur.