928 So.2d 392 (2006)
J.B., III father of J.B., a child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D05-3387.
District Court of Appeal of Florida, First District.
April 7, 2006.
*393 Richard D. Ogburn, Esq., Panama City, for Appellant.
David M. Noll, Esq., Florida Department of Children and Families, Panama City, for Appellee.
HAWKES, J.
The Department of Children and Families (DCF) obtained an order adjudicating 12-year-old J.B. dependent. The adjudication was based on J.B.'s exposure to small quantities of marijuana and residual amounts of cocaine in several areas of J.B.'s house. Appellant, J.B.'s father, argues mere exposure to small quantities of illicit drugs, standing alone, cannot support a finding of dependency. We agree and reverse.

Facts and Procedural Background
J.B. was residing with his mother and Appellant when the Bay County Sheriff's Department executed a search warrant on the home. During the search, J.B. was awake in his bedroom, which he shared with Appellant. In that bedroom, the officers found approximately one gram of marijuana loose in a trash can, "as if [Appellant] had dumped a shake tray off," and a residual amount of marijuana in a smoking device in a box on the closet floor. In the other bedroom, which was occupied by J.B.'s mother, the officers found approximately one gram of marijuana and a hemostat in a box on the bed, a partially *394 smoked marijuana cigarette in a tray on the bed, and loose Carisoprodol pills throughout the room. In the living room, the officers found less than one gram of marijuana loose on the coffee table which also appeared to be "shake." In the kitchen, the officers found a crack pipe and cut straw containing residual amounts of cocaine. After the search, Appellant and J.B.'s mother were arrested,[1] and J.B. was placed in shelter with his maternal grandparents.
DCF subsequently filed a petition to adjudicate J.B. dependent. At the dependency hearing, a Bay County Sheriff's investigator testified he found the drugs and paraphernalia in Appellant's home while J.B. was present, but there was no evidence J.B. had come into contact with the drugs or paraphernalia. J.B.'s mother testified to smelling marijuana on Appellant after he and J.B. returned from the grocery store about a week before his arrest. A DCF child protective investigator testified Appellant admitted to using marijuana, but said he never used it in J.B.'s presence. The DCF investigator acknowledged J.B. did not need any kind of medical treatment on the night of the arrest.
The trial court ultimately adjudicated J.B. dependent based on three findings.
First, the trial court found J.B. was abused as a result of Appellant's drug use, which affected his ability to provide and care for J.B. The evidence cited to support this finding was the testimony that drugs were present throughout J.B.'s home.
Second, the trial court found J.B. was neglected, because he was "exposed to an environment that caused his physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired." The evidence cited in support of this finding was that J.B. "had to witness a search warrant being perfected, the parents being arrested and removed from the home, and officers searching his home where the parents were in possession of illegal drugs." The trial court concluded: "[i]f not for law enforcement and the Department, [J.B.] would have been left completely alone and unattended."
Third, the trial court found J.B. was at imminent risk of being abused or neglected. The evidence cited to support this finding was "the foregoing"i.e., the same evidence used to support the findings of abuse and neglect.

Dependency Adjudications
"A [trial] court's final ruling of dependency is a mixed question of law and fact and will be sustained on review if the [trial] court applied the correct law and its ruling is supported by competent, substantial evidence in the record." J.B.M. v. Dep't of Children & Families, 870 So.2d 946, 949 (Fla. 1st DCA 2004) (quoting In re M.F., 770 So.2d 1189, 1192 (Fla.2000)). For a dependency adjudication to be affirmed, there must be competent, substantial evidence that a child was either: (1) abused, abandoned, or neglected by the parents; or (2) at imminent risk of being abused, abandoned, or neglected by the parents. See id.; § 39.01(14)(a) & (f), Fla. Stat. (2004).

Abuse
An abused child is one who is subjected to "any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, *395 or emotional health to be significantly impaired." § 39.01(2), Fla. Stat. (2004) (emphasis added).
Exposing a child to controlled substances constitutes "harm" in only two situations: (1) when a mother's use of a controlled substance during her pregnancy demonstrably adversely affects the child; or (2) when a parent's "continued chronic and severe use of a controlled substance" demonstrably adversely affects the child. See § 39.01(30)(g), Fla. Stat. (2004). Here, DCF presented no evidence that Appellant's drug use was continuous, chronic, or severe, or that J.B. was demonstrably adversely affected by Appellant's drug use. See P.D. v. Dep't of Children & Families, 866 So.2d 100, 102 (Fla. 1st DCA 2004).[2]
The trial court's order also suggests J.B. was harmed by witnessing the search of his home and his parents' arrest. Again, no evidence was presented to support this finding. Specifically, DCF did not offer any testimony, medical reports, or expert opinion indicating J.B. suffered any physical, emotional, or mental impairment as a result of the search and arrest.
Because the record lacks competent, substantial evidence that J.B. suffered harm pursuant to section 39.01(30), the trial court's adjudication of dependency based on a finding of abuse must be reversed.

Neglect
A neglected child is one who "is deprived of . . . necessary food, clothing, shelter, or medical treatment or . . . permitted to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired." § 39.01(45), Fla. Stat. (2004).
The trial court's basis for finding J.B. had been neglected was that "if [it was] not for law enforcement and [DCF], the child would have been left completely alone and unattended." By itself, evidence that a 12-year-old child is left alone, or could have been left alone, is not sufficient to establish neglect. Even if J.B. had been briefly left alone, there was no evidence indicating he would have been deprived of necessary food, clothing, shelter, or medical treatment. Further, there was no evidence J.B. was ever in danger of becoming significantly physically, mentally, or emotionally impaired.
Because the record is devoid of competent, substantial evidence that J.B. was neglected pursuant to section 39.01(45), the trial court's adjudication of dependency based on a finding of neglect must be reversed.

Imminent Risk
To prove there is an imminent risk a child will be abused or neglected, DCF must offer competent, substantial evidence that abuse or neglect is "impending and about to occur." See J.B.M., 870 So.2d at 951. If there is no nexus between the parent's alleged behavior and the likelihood a child will suffer abuse and neglect, then a finding that abuse or neglect is "impending" or "about to occur" cannot be upheld. See B.D. v. Dep't of Children & Families, 797 So.2d 1261 (Fla. 1st DCA 2001) (reversing a dependency adjudication *396 because there was not a sufficient nexus between a parent's psychiatric disorder and the likelihood the parent would neglect the child).
Here, there is no evidence that Appellant's behavior posed any likelihood that J.B. was at imminent risk of being abused or neglected as those terms are defined by statute. Absent such evidence, the trial court's adjudication of dependency based on this ground must be reversed.

Conclusion
Because the trial court's order adjudicating J.B. dependent as to Appellant is not supported by competent, substantial evidence, the order is REVERSED.
VAN NORTWICK and THOMAS, JJ., concur.
NOTES
[1] Appellant was released on bond three days later, and ultimately sentenced to misdemeanor probation.
[2] In P.D., we reversed an order that adjudicated a newborn child dependent based solely upon a showing of cocaine in the child's blood at birth, because DCF failed to show the child was "demonstrably adversely affected" by the mother's cocaine use. 866 So.2d 100. In addressing this "demonstrably adversely affected" requirement, Judge Kahn observed: "[T]he Legislature provided a particularized definition of `exposure to a controlled substance.' The words chosen by the Legislature cannot be viewed as mere surplusage because they sharpen the definition of `harm.'" Id. at 102.