SUAREZ, J.
L.A.G. appeals the order terminating her parental rights to her three oldest children, M.M., A.M. and Ja.M., and adjudicating her youngest child, Ju.M., dependent. We reverse.
The Department of Children and Families (“DCF”) took custody of L.A.G.’s three oldest children in 2003 due to their parents’ drug abuse. L.A.G. and the father eventually entered residential drug treatment where the mother gave birth to her fourth child, Ju.M. L.A.G. successfully completed the drug program but the father relapsed into drug use. DCF moved to terminate both parents’ rights after L.A.G. allegedly had unauthorized contact with the father and paternal grandmother. The trial court terminated the father’s parental rights following a hearing. He is not a party to this appeal. After further deliberation, the court issued a lengthy written order terminating the mother’s parental rights as to M.M., A.M., and Ja.M., and adjudicating Ju.M. dependent by clear and convincing evidence.
First, we reverse the order terminating L.A.G.’s parental rights to M.M., A.M., and Ja.M. The termination order violates due process because it is based on grounds not asserted in DCF’s petition. DCF petitioned for termination of L.A.G.’s parental rights based on abandonment and her failure to comply with the case plan pursuant to Florida Statutes, sections 39.806(l)(b) and (e). The trial court terminated L.A.G.’s parental rights based on parental conduct that threatens the children’s life or safety, citing Florida Statutes section 39.806(l)(c). DCF did not cite section 39.806(l)(e) in the petition or at the hearing. Nor did DCF present any evidence that L.A.G.’s continued involvement with the children posed a threat to their health or safety. The first time section 39.806(l)(c) appears in this case is in the written termination order.
The trial court violated due process by terminating L.A.G.’s parental rights to her three oldest children without notifying her of the specific grounds upon which termination was based. In the Interest of S.N.W., 501 So.2d 37 (Fla. 1st DCA 1986) (reversing final judgment of permanent commitment where the petition failed to allege present abandonment, abuse or neglect). We are compelled, therefore, to reverse the order terminating L.A.G.’s parental rights to M.M., A.M., and Ja.M. Pittman v. Roberts, 122 So.2d 333, 334-35 (Fla. 2d DCA 1960) (“The appellate court in the interest of justice may take notice of jurisdictional or fundamental error apparent in the record on appeal, whether or not it has been argued in the briefs or made the subject of an assignment of error, objection, or exception in the court below.”).
Absent the due process violation, we would reverse the termination order on the merits because there is no competent substantial evidence to support the trial court’s findings that the mother failed to substantially comply with the case plan. Florida Statutes section 39.806(l)(e) (2006), requires the trial court to find by *727 clear and convincing evidence “that the parent failed to substantially comply with a case plan within twelve months of the court adjudicating the children dependent.” E.R. v. Dep’t of Children & Family Servs., 937 So.2d 1196 (Fla. 3d DCA 2006). “Substantial compliance” means that “the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child’s remaining with or being returned to the child’s parent.” § 39.01(71), Fla. Stat. (2006).
The termination hearing is replete with evidence that the mother did substantially comply with her case plan. She successfully completed an in-patient drug treatment program. She consistently tested negative for drug use during her residential program and following treatment. She moved to Tallahassee to live with her parents and has obtained employment and addiction support. The only evidence that the mother deviated from the case plan were two occasions when she had contact with the father and paternal grandmother. These two incidents are insufficient to support a finding that the mother failed to substantially comply with her case plan and to terminate her parental rights. D.P. v. Dep’t of Children & Family Servs., 930 So.2d 798 (Fla. 3d DCA 2006) (evidence did not support TPR where mother made “great strides” by following all DCF’s instructions, except for three alcohol-related incidents, at least one of which involved presence of the child, and one domestic violence incident with the grandmother). We also find that there is insufficient evidence to support the trial court’s conclusion that terminating the mother’s parental rights is the least restrictive means of protecting the children’s health and safety. G.C.A. v. Dep’t of Children & Family Servs., 863 So.2d 476, 480 (Fla. 2d DCA 2004) (finding insufficient evidence that the children could not be reunited gradually with the parents to allow everyone to adjust to the demands of a large family).
Finally, we reverse the portion of the order adjudicating Ju.M. dependent. In order for a dependency adjudication to be affirmed, there must be competent substantial record evidence that the child was either “(1) abused, abandoned, or neglected by the parents; or (2) at imminent risk of being abused, abandoned or neglected by the parents.” J.B. III v. Dep’t of Children & Families, 928 So.2d 392, 394 (Fla. 1st DCA 2006); § 39.01(14)(f), Fla. Stat. (2006). In the instant case, the trial court lumped together Ju.M.’s dependency with the other children’s termination hearing. The evidence is insufficient and factual findings are inadequate to support the conclusion that the mother abused, abandoned, or neglected, Ju.M., or that he is at a substantial risk for imminent abuse, abandonment, or neglect. See J.B. III, 928 So.2d at 393-95 (finding that evidence of the parents’ drug use was insufficient to establish that the child was abused or neglected, or that he was at imminent risk of abuse or neglect). We therefore reverse the adjudication of dependency as to Ju.M.
Reversed.