PER CURIAM.
In this probate matter, Frank Welch appeals the trial court’s order determining that ExxonMobil stocks had not been transferred to him by his uncle, Frank Kolbl, via inter vivos gift and, thus, belonged to Kolbl’s estate. Because it is unclear from the order whether the court considered all the relevant evidence in arriving at this ruling, we reverse and remand for the trial court to clarify the basis of its ruling.
The elements of an inter vivos gift are present donative intent, delivery, and acceptance. See Mulato v. Mulato, 705 So.2d 57, 61 (Fla. 4th DCA 1997). Here, the trial court concluded that Welch failed to prove present donative intent, and that the evidence showed, at best, a failed testamentary intent. The court cited the fact that the stocks were still registered in Kolbl’s name at his death. Although stock registration is properly considered in analyzing donative intent, it is not necessarily dispositive where, as here, other evidence is presented for and against such intent. See id. at 59-60, 62; Freedman v. Freedman, 345 So.2d 834, 836-37 (Fla. 3d DCA 1977); Sullivan v. American Tel. & Tel. Co., 230 So.2d 18, 18-21 (Fla. 4th DCA 1969); Kuebler v. Kuebler, 131 So.2d 211, 212-16, 218-19 (Fla. 2d DCA 1961); Eulette v. Merrill Lynch, Pierce, Fenner and Beane, 101 So.2d 603, 604-05 (Fla. 3d DCA 1958). It is unclear from the trial court’s order whether the court focused exclusively on the stock registration, or properly considered it as one fact along with all the other evidence relevant to donative intent.
Accordingly, we reverse and remand this matter for the trial court to clarify whether it considered all the relevant evidence, and if not, to reconsider its ruling on the basis of the evidence presented.
REVERSED and REMANDED.
PALMER, COHEN and JACOBUS, JJ., concur.