PER CURIAM.
We affirm the final judgment terminating the parental rights of both the father and mother to their children, C.S. and A.S. While both parents contend that the court erred in entering a consent to the judgment pursuant to section 39.801(3)(d), Florida Statutes (2012), we disagree. The court gave the parents adequate notice of the date and time of the third day of the adjudicatory hearing. When the parents failed to appear on the assigned date, the trial court had authority to enter the consent. Id. See, e.g., J.M. v. Dep’t of Children & Families, 9 So.3d 34, 36 (Fla. 4th DCA 2009) (termination proceedings); A.J. v. Dep’t of Children & Families, 845 So.2d 973, 975-76 (Fla. 4th DCA 2003) (holding that the parents’ failure to appear at continued adjudicatory hearing constituted a consent to dependency adjudication). Moreover, although the court entered the consent, in the final judgment it did not rely exclusively on the consent but evaluated the testimony and evidence presented and made detailed findings of fact and conclusions to support both the grounds for termination; that termination was the least restrictive means of protecting the children; and that it was in their manifest best interest that the parents’ rights be terminated. We disagree with the dissent, which concludes that there was no competent substantial evidence to support these findings. To *980 find otherwise would simply substitute our judgment for that of the trial court.
We also affirm the trial court’s denial of the mother’s motion to vacate the consent, which was filed after the final judgment. The trial court found the mother’s excuse for nonappearance not to be credible, and the court’s decision was unquestionably supported by competent substantial evidence.

Affirmed.

CIKLIN and GERBER, JJ., concur.
WARNER, J., dissents with opinion.