WALLIS, J.
D.W.Q. (“Father”) appeals an order terminating his parental rights to M.E.Q. in which the trial court found Father’s conduct was egregious under sections 39.806(l)(f)2. and (l)(g), Florida Statutes (2014). Father argues that his due process rights were violated because the trial court terminated his parental rights based on a ground A.B. (“Mother”) did not plead in the petition. Father also argues that the order was facially insufficient because it did not consider the statutorily required factors under section 39.810, Florida Statutes (2014). We agree and, therefore, reverse and remand for the trial court to reconsider its ruling after reviewing all admitted evidence.[1] When issuing its new order, the court must address statutorily required factors and, if necessary, determine whether termination is the least restrictive means to protect the child.
First, we reverse because the trial court terminated D.W.Q.’s parental rights on a ground not alleged in the petition. The petition did not allege termination was warranted for egregious conduct under section 39.806(1)(f)2.; the petition only alleged termination was warranted under sections 39.806(1)(c) and (1)(g). We do not need to discuss the facts of this case other than to note that termination under section 39.806(1)(f)2. was not tried by consent because it was not mentioned in opening or during the presentation of Mother’s evidence at trial. “[I]t is a denial of procedural due process rights of notice and a fair hearing” to terminate parental rights on a ground not pleaded. R.S. v. Dep’t of Child. & Fams., 872 So.2d 412, 413 (Fla. 4th DCA 2004) (citing Wood v. State, 544 So.2d 1004, 1006 (Fla.1989) (“adequate notice and meaningful hearing” required before termination of substantive rights)); see also Z.M. v. Dep’t of Child. & Fam. Servs., 981 So.2d 1267, 1268 (Fla. 1st DCA 2008) (reversing order terminating parental rights on ground not pleaded in the petition where the court indicated for the first time after petitioner’s case in chief that the un-pleaded ground supported termination); L.A.G. v. Dep’t of Child. & Fam. Servs., 963 So.2d 725, 726 (Fla. 3d DCA 2007) (holding that the termination order violates due process because it was based on grounds not asserted in the termi *89 nation petition and noting that the first time the ground used to terminate appeared was in the written termination order). On remand, the trial court can only terminate based on grounds pleaded in the petition or those tried by consent, if any.
We also reverse because the trial court’s order is facially insufficient for failing to include findings for the statutory factors in section 39.810, Florida Statutes (2014), to determine if it was in the child’s manifest best interests to terminate parental rights. The trial court simply said that it was in the best interest of the child to terminate. This was insufficient. In re Z.L., 4 So.3d 684, 685 (Fla. 2d DCA 2009) (reversing the trial court’s “termination order as legally insufficient because it contains only a conclusory statement that termination of ... parental rights would be in the manifest best interests of the child”). We agree with the Second District Court of Appeal in that
the trial court’s written order must establish that the court considered and evaluated each of the eleven statutory factors in reaching its decision as to the manifest best interests of the child. See In re D.H., 670 So.2d 1072 (Fla. 2d DCA 1996) (reversing an order terminating parental rights and remanding for further proceedings because the order of termination failed to give detailed attention to the manifest best interests of the child); In re C.K., 601 So.2d 1331 (Fla. 2d DCA 1992) (reversing an order terminating parental rights and remanding for further proceedings because neither the order nor the transcript established that the trial court had considered the required statutory factors).
In re A.C., 751 So.2d 667, 668-69 (Fla. 2d DCA 2000). Accordingly, on remand, the trial court must evaluate the statutory factors to determine whether termination is in the child’s manifest best interests and make any other required findings.
Finally, Father argues that the trial court erred by failing to consider all the evidence admitted at trial before rendering its decision. Specifically, Father contends the trial court did not watch a DVD of a child-protective-team interview of the child, which would cast doubt on the allegations of abuse. Before Father rested his case, the trial court indicated it would watch the DVD after the close of evidence. The record is unclear whether the trial court watched the DVD although the packaging suggests the DVD came to this court in what appears to be the same sealed package as was admitted at trial. If true, we consider this to be a due process violation. See Lewis v. Dep’t of HRS, 670 So.2d 1191, 1194 (Fla. 5th DCA 1996). On remand, the trial court should clarify whether it considered all the relevant evidence and, if it did not, reconsider the ruling on the basis of the evidence presented. See Welch v. Dececco, 101 So.3d 421, 422 (Fla. 5th DCA 2012) (reversing and remanding “this matter for the trial court to clarify whether it considered all the relevant evidence, and if not, to reconsider its ruling on the basis of the evidence presented”).
REVERSED and REMANDED with INSTRUCTIONS.
SAWAYA and LAMBERT, JJ., concur.

. Father raises other issues that are moot as a result of our reversal.