DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.V.,** the Father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and **GUARDIAN AD LITEM,**
Appellees.

No. 4D21-790

[August 11, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alberto Ribas, Jr., Judge; L.T. Case No. 2019-1773DP.

Carla Lowry, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Appellate Division, Tallahassee, for appellee Guardian ad Litem.

FORST, J.

J.V. ("the Father") and M.B. ("the Mother") separately appeal a final judgment terminating their parental rights with respect to their minor child. Both appeals involve the same facts and similar arguments; thus, we have addressed them in separate but identical opinions (save for the names of the appellant and the parties' attorneys). As set forth below, we affirm the final judgment terminating the Father's and the Mother's parental rights as to their child J.V.

**Background**

The terminations stem from two instances in which the child was found to have suffered serious injury. Both parents denied responsibility for either injury. After a six-day bench trial that included testimony from

nineteen witnesses, the trial court issued an eighty-four-page final judgment concluding that, although "it is not clear whether the mother, the father, or both inflicted the injuries on the child[,]" they "were the only persons to have the opportunity to inflict the injuries that resulted in the" serious bruising to the child.

The trial court further opined that, if only one parent "inflicted the injuries to the child," the other parent "had the opportunity and capability to prevent and knowingly failed to prevent the egregious conduct that threatened the life, safety, or physical, mental, or emotional health of the child[.]" Consequently, the trial court found that the Department of Children and Families ("the Department") "has proven by competent and substantial evidence, to a clear and convincing standard, the allegation in the Petition for Termination of Parental Rights and Permanent Commitment of the Minor Child against the mother and father under Florida Statute 39.806(1)(f)." Both parents filed separate appeals, though the records on appeal were consolidated.

## Analysis

"While a trial court's decision to terminate parental rights must be based upon clear and convincing evidence, our review is limited to whether competent substantial evidence supports the trial court's judgment." *M.D. v. State, Dep't of Child. & Fams.*, 187 So. 3d 1275, 1277 (Fla. 4th DCA 2016) (quoting *J.G. v. Dep't of Child. & Fams.*, 22 So. 3d 774, 775 (Fla. 4th DCA 2009)). "[W]e look at the evidence presented, not in the light most favorable to the parents, but in a neutral manner in which we must assess whether competent substantial evidence supports the trial court's conclusion . . . ." *D.G. v. Dep't of Child. & Fams.*, 77 So. 3d 201, 207 (Fla. 4th DCA 2011). "[S]o long as the trial court's ruling on one of the statutory grounds set forth in section 39.806, Florida Statutes, is supported by the evidence, the court's decision is affirmable." *M.D.*, 187 So. 3d at 1277 (alteration in original) (quoting *J.E. v. Dep't of Child. & Fams.*, 126 So. 3d 424, 427–28 (Fla. 4th DCA 2013)).

To terminate a parent's rights to his or her child, the Department must prove: (1) at least one statutory ground for termination; (2) termination is in the child's manifest best interest; and (3) termination is the least restrictive means of protecting the child from harm. *B.K. v. Dep't of Child. & Fams.*, 166 So. 3d 866, 873 (Fla. 4th DCA 2015). In this case, the Department argued for termination of parental rights based on section

39.806(1)(f), Florida Statutes (2019).[1]  That statute provides in pertinent part: "(1) Grounds for termination of parental rights may be established [if] (f) The parent or parents engaged in egregious conduct or had the opportunity and capability to prevent and knowingly failed to prevent egregious conduct that threatens the life, safety, or physical, mental, or emotional health of the child . . . ."  *Id.*

In reviewing the trial court's ruling, the appellate court's task is not to reweigh the evidence or make credibility determinations of the witnesses, but rather, to ensure that competent substantial evidence supports the trial court's ruling.  *See T.M. v. Dep't of Child. & Fams.*, 971 So. 2d 274, 277 (Fla. 4th DCA 2008) (an appellate court's "task on review is not to conduct a de novo proceeding, reweigh the testimony and evidence given at the trial court, or substitute [its] judgment for that of the trier of fact" (alteration in original) (quoting *In re Adoption of Baby E.A.W.*, 658 So. 2d 961, 967 (Fla. 1995))).  Termination of parental rights should not be based on speculation.  *See M.C. v. Dep't of Child. & Fams.*, 186 So. 3d 74, 80 (Fla. 3d DCA 2016).  However, "where the trial court's finding that there is 'clear and convincing' evidence to terminate parental rights is supported by competent substantial evidence [the appellate court has] no choice but to affirm."  *T.M.*, 971 So. 2d at 277 (quoting *D.S. v. Dep't of Child. & Fams.*, 842 So. 2d 1071, 1072 (Fla. 4th DCA 2003)); *see also R.S. v. Dep't of Child. & Fams.*, 831 So. 2d 1275, 1277 (Fla. 4th DCA 2002).

In the instant case, competent substantial evidence supported the trial court's extensive fact findings and conclusions.  Based on its observation of the witnesses, it made credibility determinations that narrowed the possible parties responsible for the child's injuries to the Mother and the Father.  It then concluded that both parents bore responsibility for the child's injuries, either directly or through inaction to prevent the abuse that the court determined caused the injuries.  "[A] parent who was not present during, or who did not participate in physical abuse may still have their parental rights terminated if they knowingly failed to protect the child from egregious abuse."  *In re D.L.H.*, 990 So. 2d 1267, 1271 (Fla. 2d DCA 2008) (quoting *In re K.A.*, 880 So. 2d 705, 708 (Fla. 2d DCA 2004)).

In *K.A.*, our sister court dealt with a situation similar to the one at hand.  The child was brought to the hospital by the parents, and it was determined that the child had suffered a spiral fracture to the leg, a skull fracture, and three rib fractures.  880 So. 2d at 707.  The injuries were in

---

[1] The Department also argued for termination of parental rights based on section 39.806(1)(g).  The trial court found that the Department had not proved such claim by competent substantial evidence.

3

different stages of healing, which indicated that the injuries occurred at different times and were indicative of shaken baby syndrome. *Id.* While it was unclear which parent had inflicted the abuse, the evidence established that the child had been in the exclusive care of the parents, except for contact with several other individuals who all denied harming the child and whom the trial court believed. *Id.* The parents denied inflicting the abuse, but the medical expert testimonies contradicted the parents' alternative theories of how the injuries occurred. *Id.* The expert witnesses also opined that any caregiver changing the child's diaper would have been aware of the injury. *Id.* The trial court was unable to determine which parent caused the injuries to the child and thus terminated the rights of both parents on the premise that one parent precipitated the abuse and the other parent failed to protect the child per section 39.806(1)(f), Florida Statutes. *Id.* at 706, 708–09.

On appeal, the Second District affirmed that portion of the trial court's ruling, explaining:

> There is no question that the abuse of the infant in this case constituted egregious conduct that threatened the life and health of this child. *See N.L. v. Dep't of Children & Family Servs.*, 843 So. 2d 996, 1001 (Fla. 1st DCA 2003) (holding egregious conduct occurred when infant was shaken forcefully enough to break bones); *M.C. v. Dep't of Children & Family Servs.*, 814 So. 2d 449 (Fla. 4th DCA 2001) (holding egregious conduct occurred with one-year-old child who had broken arm, skull fracture, bruising, healing rib fracture, and other indications of neglect). In the context of egregious conduct, this court has held that "where there is evidence that a child suffered abuse by one or both of the parents present," there is clear and convincing evidence to support the termination of parental rights of both parents. *See M.W. v. State, Dep't of Children & Families (In re B.J.)*, 737 So. 2d 1227, 1228 (Fla. 2d DCA 1999) (involving child who was seriously abused at time when both parents were at home with child). Although it is not clear whether the mother, the father, or both inflicted the injuries on this infant, the parents were the only persons to have the opportunity to inflict the totality of these injuries. Moreover a parent who was not present during, or who did not participate in, physical abuse may still have their parental rights terminated if they knowingly failed to protect the child from egregious abuse. *See C.S. v. State, Dep't of Health & Rehabilitative Servs. (In re B.S.)*, 697 So. 2d 914 (Fla. 2d DCA 1997). There was expert testimony that any caretaker

4

changing the infant's diaper should have been aware of the femur fracture, which appeared to be more than two weeks old. Thus the circuit court could reasonably conclude that one parent perpetrated the abuse and the other parent permitted the abuse or failed to timely seek appropriate medical treatment for the child.

*Id.* at 708–09.

The factual similarities between *K.A.* and the instant case are pronounced. In both cases, although it could not be determined which parent inflicted the trauma, the evidence and trial court credibility determinations (which eliminated other possible subjects) established that the injury occurred while the child was under the parents' care. Further, as in *K.A.*, expert testimony refuted the parents' explanations for how the injuries occurred and dictated a finding that both parents should have noticed the child's second injury, which instead was reported by the child's daycare provider. Finally, an expert medical witness testified that, with respect to this second injury in the instant case, the bruising to the child's abdomen was indicative of child abuse and the spiral fractures that the child had previously suffered were more likely than not inflicted rather than accidental.

In addition to finding a statutory ground for termination, the trial court also determined clear and convincing evidence showed that termination was the least effective means to protect the child and that termination was in the child's best interests. Again, based on the witness testimony, and the trial court's credibility determinations and factual findings, competent substantial evidence supported the trial court's holdings on these two criteria.

### Conclusion

Parents have a "fundamental liberty interest" in "the care, custody, and management" of their children. *Santosky v. Kramer*, 455 U.S. 745, 745 (1982). "Termination cases are frequently referred to as the civil death penalty for families." *C.S. v. Dep't of Child. & Fams.*, 124 So. 3d 978, 981 (Fla. 4th DCA 2013) (Warner, J., dissenting). Appropriately, a three-part test and a "clear and convincing evidence" standard of proof are required before parental rights can be terminated.

As demonstrated by the length and depth of the trial and the resulting termination decision, the trial court did not take its responsibility lightly. Upon review of the record, the trial court's final judgment, and the

5

arguments raised by all parties on appeal, we find competent substantial evidence supports the trial court's termination of the Father's and the Mother's parental rights as to their minor child.

*Affirmed.*

KLINGENSMITH and ARTAU, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***