871 So.2d 311 (2004)
M.D., Mother of J.A. and E.A., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D03-2885.
District Court of Appeal of Florida, Fifth District.
April 30, 2004.
Rebecca Bowen Creed of Mills & Carlin, P.A., Jacksonville, for Appellant.
Jodi Seitlin of the Department of Children and Families, St. Augustine, for Appellee.
PER CURIAM.
M.D. (mother) appeals the final order entered by the trial court terminating her parental rights to her twin children, J.A. and E.A., born on July 31, 2002. We affirm.
The trial court terminated the mother's parental rights on the basis that the parent-child relationship threatens the life, safety, well-being, or health of the children, and on the basis of the mother's egregious conduct.[1] The mother challenges the court's ruling, arguing first that the trial court erred in terminating her parental rights based upon a finding of "egregious conduct" because the Department of Children and Families (DCF) never alleged egregious conduct as a basis for termination. DCF properly responds by conceding error on this issue and, therefore, we strike the portions of the termination order which cite to the issue of egregious conduct.
The mother also argues that the trial court erred in terminating her parental rights on the basis that the parent-child relationship threatens the well-being of the children. Our review of the record reveals that sufficient evidence was presented during the termination hearing to support the trial court's decision that termination was warranted in this case. As such, the court's ruling is affirmed.
Accordingly, the trial court's termination order is affirmed in all aspects, except that portion finding clear and convincing evidence of egregious conduct, pursuant to section 39.806(1)(f), Florida Statutes, which is stricken, in that such conduct was not alleged in the petition for termination. See R.C. v. Dep't of Children and Families, 867 So.2d 580 (Fla. 1st DCA 2004)(holding that portion of trial court's termination order finding clear and convincing *312 evidence of egregious must be stricken because such conduct was not alleged in the petition for termination).
AFFIRMED, as modified.
PLEUS, PALMER and ORFINGER, JJ., concur.
NOTES
[1] See § 39.806(1)(c) & (f), Fla. Stat. (2001).