872 So.2d 412 (2004)
R.S., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D03-3601.
District Court of Appeal of Florida, Fourth District.
May 5, 2004.
Pamela Wynn, Lake Worth, for appellant.
Jeffrey Dana Gillen of the Department of Children and Family Services, West Palm Beach, for appellee.
GUNTHER, J.
The parental rights of R.S. were terminated. R.S. raises multiple issues on appeal. We write to address only the issue of whether the trial court erred by terminating R.S.'s parental rights on a ground not pleaded in the termination petition. On that issue, we reverse.
The Department of Children and Families (DCF) filed a petition for termination of parental rights as to R.S. and her four children. In the petition, DCF stated five grounds for termination: Florida Statutes sections 39.806(1)(b), 39.806(1)(c), *413 39.806(1)(d)3., 39.806(1)(e), and 39.806(1)(f). During DCF's opening statement at the termination hearing, DCF requested termination on three grounds: 39.806(1)(b), 39.806(1)(b)3. [presumably 39.806(1)(d)3.], and 39.806(1)(c).
At the conclusion of the termination hearing, the trial court made findings supporting termination under 39.806(1)(d)1. and 39.806(1)(e). In the written order of termination, the trial court indicated that it was terminating R.S.'s parental rights under 39.806(1)(d) and 39.806(1)(e), incorporating findings relevant to both 39.806(1)(d)1. and 39.806(1)(d)3., as well as 39.806(1)(e).
R.S. contends that it was error for the trial court to terminate her parental rights on a ground, 39.806(1)(d)1., not pleaded in the termination petition. See In the Interest of A.D.J., 466 So.2d 1156, 1163 (Fla. 1st DCA 1985)(recognizing the principle in the context of permanent commitment). We agree. The termination petition does not allege 39.806(1)(d)1. as a ground for termination, nor did DCF seek termination under this ground during its opening statement or by amendment of the petition. Additionally, the termination was not tried by consent. Nonetheless, the trial court terminated R.S.'s parental rights on this ground. This fact is not altered by the termination order's focus on 39.806(1)(d) as a whole where the un-pleaded ground of 39.806(1)(d)1. was considered and incorporated by the trial court. Such is error because it is a denial of the procedural due process rights of notice and a fair hearing. See Wood v. State, 544 So.2d 1004, 1006 (Fla.1989)("adequate notice and meaningful hearing" required before termination of substantive rights). R.S. was unaware that her parental rights were subject to termination at the hearing on the ground not pleaded, and consequently, she was unprepared to rebut the ground, especially where the ground was not even mentioned until the trial court's ruling.
Therefore, on this issue, we reverse and remand for the entry of a termination order removing all findings and references relevant to 39.801(d)1. However, because another ground, 39.806(1)(e), supports termination, the ultimate outcome of this case is not impacted by the need to correct this error.
We find none of the other issues raised by R.S. to be persuasive. As such, we affirm on all other grounds not addressed in this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
FARMER, C.J., and HAZOURI, J., concur.