881 So.2d 48 (2004)
Stephen N. MARTYAK, Appellant,
v.
Judith A. MARTYAK, Appellee.
No. 4D03-4711.
District Court of Appeal of Florida, Fourth District.
August 18, 2004.
*49 John N. Buso of John N. Buso, P.A., West Palm Beach, for appellant.
Martin H. Colin of the Law Offices of Martin H. Colin, Lake Worth, for appellee.
PER CURIAM.
Stephen N. Martyak appeals an order holding him in contempt for failing to pay alimony and attorney's fees previously ordered, and ordering that he be taken into custody until he pays a purge amount of $54,278.91, the entire arrearage at the time the order was entered. As we found in his prior appeal from a prior contempt order, which was pending when the order on appeal in this case was entered, there was no error in holding him in contempt. However, the order requiring his incarceration must be reversed because it fails to contain a finding of his present ability to pay the purge amount and the basis for such ability. See Martyak v. Martyak, 873 So.2d 405, 407 (Fla. 4th DCA 2004); Fla. Fam. L.R.P. 12.615(e).[1] The other issues presented in this appeal were either not raised below and unpreserved or rejected in his prior appeal.
In the present case, the trial court was unable to make a finding of present ability to pay the purge because the former husband did not appear at the contempt hearing. He presented no evidence whatsoever as to his ability to pay. The former wife complains that she did all that she could. If the former husband can escape incarceration simply by not appearing at his contempt hearing, that defeats the holding in Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), which requires the defaulting party to produce evidence to dispel the presumption of ability to pay.
The applicable Family Law Rule of Procedure provides the remedy in cases like this one. When a party is served a motion for contempt, the notice of hearing is required to contain the following language:
FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
Fla. Fam. L.R.P. 12.615(b). Neither party has supplied this court with a copy of the notice of hearing filed in connection with the instant contempt proceeding, so it is not clear whether this requirement was met.
At a contempt hearing, once the prior order requiring payment and the obligor's failure to pay are established  as they were in this case  the trial court proceeds differently depending upon whether or not the alleged contemnor is present for the hearing. If the alleged contemnor is present, the court is to determine whether he or she has the present ability to pay and willfully failed to pay. Fla. Fam. L.R.P. 12.615(c)(2)(A). On the other hand, if the alleged contemnor is not *50 present, then the court is to set a reasonable purge amount and may issue the writ of bodily attachment that was threatened in the notice and "direct that, upon execution of the writ of bodily attachment, the alleged contemnor be brought before the court within 48 hours for a hearing on whether the alleged contemnor has the present ability to pay support and, if so, whether the failure to pay such support is willful." Fla. Fam. L.R.P. 12.615(c)(2)(B).
In this case, it was error for the trial court to order the former husband's incarceration until payment of the purge amount without first following this procedure. We therefore reverse the incarceration order.
As to all other issues raised, we affirm without discussion.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
STONE, SHAHOOD and MAY, JJ., concur.
NOTES
[1] The rule provides in pertinent part as follows:

If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior support order, the court shall set conditions for purge of the contempt, based on the contemnor's present ability to comply. The court shall include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding.
(Emphasis added).