925 So.2d 1138 (2006)
J.K., Father of D.R., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN, Appellee.
No. 5D04-4148.
District Court of Appeal of Florida, Fifth District.
April 21, 2006.
*1139 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters, Orlando, for Appellee.
TORPY, J.
Appellant's parental rights were terminated as to his child, D.R., based on abandonment. We reverse.
Appellant, while living in Georgia, met and dated D.R.'s mother, T.K., for a short period of time before he moved to Florida. Unbeknownst to Appellant, he had impregnated T.K., who gave birth to D.R. in October 1999. Because T.K. believed that another man, R.M., was D.R.'s biological father, she did not inform Appellant of her pregnancy or the child's birth. R.M. was named as father on D.R.'s birth certificate.
In October 2001, the Department sheltered all three of T.K.'s children based on T.K.'s drug addiction. At that time, the Department of Children and Families filed a petition for dependency naming T.K. and R.M., but not Appellant.
In early 2002, R.M. was informed by T.K. that he might not be D.R.'s father. As a result, the court ordered paternity testing of R.M. and M.C., another putative father named by T.K. The paternity test revealed that neither R.M. nor M.C. was D.R.'s biological father. The court adjudicated D.R. dependent as to T.K. in December 2001. T.K. was ordered to complete a case plan requiring, among other things, that she undergo periodic drug testing. When T.K. repeatedly violated her case plan, the Department proceeded to terminate her parental rights.
Sometime in October 2003, T.K. and Appellant met by happenstance. It was at that time that T.K. first revealed to Appellant that he might be the father of D.R. As a result, Appellant voluntarily appeared at the termination hearing held later that month. At that hearing, the court ordered a paternity test, allowed the Department to amend its petition to add Appellant as a party, and appointed counsel for Appellant. The paternity test revealed that Appellant was in fact the biological father of D.R. In December 2003, Appellant and T.K. leased a house together; they married the next month.
When the Department filed its amended petition to name Appellant as a party, instead of seeking that D.R. be declared dependent as to Appellant, the Department sought to terminate Appellant's parental rights. The Department's basis for termination was that, because Appellant married T.K. at a time that Appellant knew T.K. was not in compliance with her case plan, Appellant had engaged in conduct that threatened the well-being of the child irrespective of the provision of services. § 39.806(1)(c), Fla. Stat. (2005).
Trial was conducted over numerous days that spanned an interval of several *1140 months. At its conclusion, the lower court rejected the Department's theory as a valid ground for termination of Appellant's rights but granted the petition nevertheless on the basis that Appellant had abandoned the child. The court reasoned that Appellant had abandoned the child by not affirmatively pursuing the possibility that he was the father of a child with T.K.
We conclude that the trial judge erred. Although Appellant raises several points on appeal, we find it necessary to address only two such points  the failure of the Department to: (1) plead, or (2) prove abandonment by Appellant.
Clearly, the Department never pled or argued abandonment as a basis for termination of Appellant's rights, nor was this issue tried by the consent of the parties. Under these circumstances, the order must be reversed. M.D. v. Dep't of Children & Families, 871 So.2d 311 (Fla. 5th DCA 2004). Furthermore, the court's finding of abandonment was not predicated on substantial competent evidence because no evidence was adduced that established any willful rejection by Appellant of his parental obligations. Appellant was unaware that he was the father of a child with T.K. until October 2003. By that time, D.R. had been declared dependent and placed with foster parents, both without notice to Appellant. When Appellant became aware that he might be the father of D.R., he appeared, submitted to testing and fought the Department's efforts to terminate his parental rights.
REVERSED.
GRIFFIN, J., concurs.
SAWAYA, J., concurs in result only.