937 So.2d 716 (2006)
Danny CHETRAM, Appellant,
v.
Saraswattee SINGH, Appellee.
No. 5D05-4270.
District Court of Appeal of Florida, Fifth District.
August 25, 2006.
*717 Jorge E. Hurtado, Law Offices of Jorge E. Hurtado, Coral Springs, for Appellant.
Patricia K. Herman, Law Office of Patricia K. Herman, P.A., Sanford, for Appellee.
THOMPSON, J.
Danny Chetram appeals an order holding him in contempt and providing for his incarceration without further notice or hearing if he did not pay arrears owed to *718 Saraswattee Singh within 30 days. We reverse.
Chetram and Singh divorced in New York in July 2002. The divorce decree was registered in Florida in 2003 and followed by ongoing litigation over child support and visitation. In October 2003, the court granted Singh's motion for civil contempt and found Chetram failed to pay all required support. In 2004, the parties moved for civil contempt and modification, and the court held a final hearing in May 2004. No final order issued, despite a December 2004 case management conference and motions filed in 2005. Another judge presided over their case in 2005, and a hearing on one of Singh's motions for contempt was set for 1 November 2005. Singh's notice was purportedly sent to Chetram's counsel on 30 September 2005, but Singh's counsel sent the notice to an incorrect address. Chetram claims neither he nor his counsel in Coral Springs received notice; counsel's office was closed in late October and early November by power outages and infrastructural damage from Hurricane Wilma.
Chetram was not present at the hearing. The second judge entered an order on 2 November 2005 that provided:
1. [Singh]'s Motion Entry of Order Finding [Chetram] in Civil Contempt of Court is hereby GRANTED;
2. [Chetram] is found to be in willful contempt of court;
3. [Chetram] shall be compliant with the Order entered on October 15, 2003;
4. [Chetram] is found to be in arrears of his child support obligation in the amount of ... [$10,350].
5. [Chetram] shall pay to [Singh] ... [$10,350] within thirty (30) days of the date of this hearing, to wit: December 1, 2005.
[6]. That this Court ... may immediately issue a Writ of Bodily Attachment, without notice or further hearing to [Chetram], for [179] days in the Orange County Jail ... should [Singh] not receive said amount by December 1, 2005.
Significantly, the order originally contained a purge provision, which had been lined out.
Chetram argues the order must be reversed because it was entered without notice, hearing, or any evidentiary support to show he willfully disobeyed a court order. He notes there was no finding or evidence showing present ability to pay the purge amount and the child support referenced in the October 2003 order. Singh responds without citation that Chetram is entitled to no notice or hearing before commitment because there was a contempt order entered in October 2003; he "had over two (2) years of due process, and has failed to avail himself to the lower tribunal for such relief." Moreover, Singh argues Chetram may not challenge the commitment provision for any reason because he lost the right to appeal the November 2005 order when he did not appeal the October 2003 order. Finally, Singh states without citation that "[t]he lower tribunal did not have to make a determination regarding [his] ability to pay. That decision was previously made by the State of New York" in July 2002. We disagree with Singh's analysis, and hold that the trial court abused its discretion.
The primary purpose of criminal contempt is punishment, and potential criminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in more typical criminal proceedings. Gregory v. Rice, 727 So.2d 251, 253 (Fla.1999); Dep't of Children & Families v. R.H., 819 So.2d 858, 861 & n. 3 (Fla. 5th DCA 2002). "[T]he primary purpose of a civil contempt *719 proceeding is to compel future compliance with a court order. A civil contempt sanction is coercive in nature and is avoidable through obedience." Gregory, 727 So.2d at 253 (citations and internal quotation marks omitted); see also R.H., 819 So.2d at 861.
A person facing civil contempt sanctions is entitled to notice and an opportunity to be heard. Akridge v. Crow, 903 So.2d 346, 350 (Fla. 2d DCA 2005). Civil contempt sanctions are only appropriate if the court determines that the contemnor has the present ability to pay the support and has willfully refused to do so. Gregory, 727 So.2d at 254. Regardless of the sanction, the court must provide the contemnor with the ability to purge the contempt. Id.; R.H., 819 So.2d at 862; Pompey v. Cochran, 685 So.2d 1007, 1014 (Fla. 4th DCA 1997). The key safeguard in civil contempt proceedings is the court's finding that the contemnor has the ability to purge the contempt. Akridge, 903 So.2d at 351 (citing Parisi v. Broward County, 769 So.2d 359, 364 (Fla.2000)).
Where jail is the sanction for civil contempt, the court must grant the contemnor an opportunity to establish inability to pay before he can be incarcerated. Ross v. Botha, 867 So.2d 567, 570 (Fla. 4th DCA 2004). "If the trial court orders the contemnor's incarceration, a separate affirmative finding that the parent has the present ability to pay the purge is required, and the court must recite the facts in support of that finding." Id. "[T]he presumption of ability to pay... is not a substitute for the `separate, affirmative finding' of ability to pay required for incarceration." Pompey, 685 So.2d at 1014; see also Hipschman v. Cochran, 683 So.2d 209, 212-13 (Fla. 4th DCA 1996) (holding courts must hold pre-incarceration hearings where previous contempt orders required extrajudicial compliance). The absence of such a finding transforms a coercive civil sanction into a criminal punishment that has been imposed in violation of the contemnor's constitutional rights. R.H., 819 So.2d at 862; accord Pompey, 685 So.2d at 1013-15 (noting the court "must have some affirmative evidence before it that the obligor has `the keys to his cell' in his pocket[;] [o]therwise, its order of incarceration is... an order of criminal contempt[] without the required due process protections"). Incarceration for the simple failure to pay a debt is prohibited; civil contempt proceedings must not be used to create a debtor's prison. Gregory, 727 So.2d at 256.
The order held Chetram in contempt and set the amount of arrears at $10,350. He was ordered to pay this amount within 30 days or face incarceration. This order failed to satisfy the basic requirements for a finding of contempt.
A child support contempt order must find: 1) a prior valid order of support; 2) a failure to pay all or part of the ordered support; 3) the parent's present ability to pay the support; and 4) the parent's willful refusal to comply with the prior court order. Further, the order shall contain a recital of the facts on which these findings are based.
Ross v. Botha, 867 So.2d 567, 570 (Fla. 4th DCA 2004) (citations and internal quotation marks omitted). Neither the required legal findings nor the facts are reflected in the order here. Id.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
MONACO and EVANDER, JJ., concur.