940 So.2d 577 (2006)
K.S., Mother of D.L. and D.L., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D06-828.
District Court of Appeal of Florida, Fifth District.
October 27, 2006.
*578 Ryan Thomas Truskoski, of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Gail Linscott Silva, Kissimmee, for Appellee.
Thomas Wade Young, Orlando, for Guardian Ad Litem.
THOMPSON, J.
K.S. (mother) appeals the final order entered by the trial court terminating her parental rights to her children, De.L. and Da.L. We affirm.
The trial court terminated the mother's parental rights on the basis that the parent-child relationship threatens the life, safety, well-being, or health of the children, on the basis of the mother's failure to comply with a case plan, and on the basis of the mother's egregious conduct.[1]
The mother challenges the court's ruling, arguing first that the trial court erred in terminating her parental rights based upon subsections (c) or (f) because the petition never alleged these grounds as a basis for termination. K.S. correctly argues that, generally, it is error to terminate parental rights on grounds not alleged in the petition. See R.S. v. Dep't of Children & Families, 872 So.2d 412, 413 (Fla. 4th DCA 2004). We agree that the evidence at trial did not address "egregious conduct" under section 39.806(1)(f) or establish the "deplorable, flagrant, or outrageous" conduct contemplated by the section. N.L. v. Dep't of Children & Family Services, 843 So.2d 996, 1000 (Fla. 1st DCA 2003). Accordingly, we strike the portions of the termination order that cite to the issue of egregious conduct. See M.D. v. Dep't of Children & Families, 871 So.2d 311, 311 (Fla. 5th DCA 2004). Similarly, we strike the portions of the termination order that cite to section 39.806(1)(e) with respect to Da.L. The Guardian Ad Litem properly concedes that it was error to terminate parental rights as to him based on section 39.806(1)(e) because he was never adjudicated dependent.
The mother also argues that the court erred in terminating her parental rights on the basis of section 39.806(1)(c), which was not cited in the petition. However, extensive evidence was introduced during the three-day hearing implicating section 39.806(1)(c), and the attorneys discussed this ground in closing. K.S.'s counsel did not object, and the issue was tried by implied consent. Cf. J.K. v. Dep't of Children, 925 So.2d 1138, 1140 (Fla. 5th DCA 2006) (reversing where abandonment was not pled, argued, or tried by consent); T.M. v. Dep't of Children & Families, 905 So.2d 993, 996 (Fla. 4th DCA 2005). "Our review of the record reveals that sufficient evidence was presented during the termination hearing to support the trial court's decision that termination was warranted in this case. As such, the court's ruling is affirmed." M.D., 871 So.2d at 311.
*579 Accordingly, the trial court's termination order is affirmed, except those portions finding clear and convincing evidence of egregious conduct, pursuant to section 39.806(1)(f), or failure to comply with a case plan with respect to the younger Da. L., pursuant to section 39.806(1)(e), which are stricken. Id. at 311-12.
AFFIRMED, as modified.
PALMER and LAWSON, JJ., concur.
NOTES
[1] § 39.806(1)(c), (e) & (f), Fla. Stat. (2001).