PER CURIAM.
Jamie Bruseau (“the former husband”) appeals an order holding him in contempt for failing to pay alimony and child support. We reverse.
Christine Bruseau (“the former wife”) filed a motion and notice for contempt on 15 March 2006 to obtain an alimony and child support arrearage. The former wife noticed a hearing for 7 April 2006 and mailed it to the former husband at two different addresses. A process server filed on 20 March 2006 an affidavit' of service indicating non-service on the former husband of the motion and notice. The former husband tried unsuccessfully to reschedule the hearing date with the former wife’s counsel and, on 5 April 2006, filed a letter with the court requesting a continuance until after 15 April 2006 due to a long-scheduled out-of-town trip.
The court entered an order on 21 April 2006 that indicated the hearing proceeded as noticed on 7 April. The former husband did not appear at the hearing. The order treated the former husband’s letter as a request for a continuance and denied the request. The court found the former husband to be in willful contempt of the final judgment of dissolution and the court’s 20 December 2005 order on motion for contempt. The court added the past due amounts of $29,773.27 for alimony and $15,808.07 for child support and held the former husband in contempt for the full sum of $45,586.59. The order further provided that if full payment was not made within fifteen days, the court would issue a capias for his arrest. The court set a purge amount of $45,586.59.
The former husband entered a limited appearance to timely file a notice of appeal. He also filed a motion for stay of order adjudging him in contempt based upon the procedure under Florida Family Law Rule of Procedure 12.615(c)(2)(B) and Martyak v. Martyak, 881 So.2d 48 (Fla. 4th DCA 2004), which was granted.
The former husband argues and the former wife concedes that the court erred by adjudging him in contempt because it failed to comply with the procedure set forth in Florida Family Law Rule of Procedure 12.615(c)(2)(B). The rule provides:
(c) Hearing. In any civil contempt hearing, after the court makes an express finding that the alleged contemnor had notice of the motion and hearing:
* * *
(2) if the court finds the movant has established all of the requirements in subdivision (c)(1) of this rule, the court shall,
[[Image here]]
(B) if the alleged contemnor fails to appear, set a reasonable purge amount based on the individual circumstances of *617 the parties. The court may issue a writ of bodily attachment and direct that, upon execution of the writ of bodily attachment, the alleged contemnor be brought before the court within 48 hours for a hearing on whether the alleged contemnor has the present ability to pay support and, if so, whether the failure to pay such support is willful.
The Fourth District in Martyak, held that it was error for the trial court to order the former husband’s incarceration until payment of the purge amount without first following the procedure set forth in rule 12.615(c)(2)(B). Accord Dileo v. Dileo, 989 So.2d 181 (Fla. 5th DCA 2006); Chetram v. Singh, 937 So.2d 716 (Fla. 5th DCA 2006). Since the appellee has properly conceded the issue, we reverse the trial court’s order and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
GRIFFIN, THOMPSON and MONACO, JJ., concur.