961 So.2d 1131 (2007)
W.S., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES and Guardian Ad Litem Program, Appellees.
No. 4D07-382.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
Domenic Landolina, Stuart, for appellant.
Anthony C. Musto, Hallandale Beach, for appellee Department of Children and Families.
Wendie Michelle Cooper, Orlando, for appellee Z.B. and the Guardian ad Litem Program.
WARNER, J.
The trial court terminated W.S.'s parental rights on the ground that he both failed to substantially comply and materially breached his case plan. The evidence presented showed that he had made almost no effort to abide by any of the elements of his case plan, for which the trial court found no credible excuse. We affirm.
Although the petition for termination alleged that W.S. had failed to substantially complete the case plan, it did not allege that appellant had materially breached his case plan. Nevertheless, that issue was also tried by implied consent as the evidence of compliance with the case plan was the central issue at trial without objection. K.S. v. Dep't of Children & Families, 940 So.2d 577, 578 (Fla. 5th DCA 2006) (finding issue of termination based on section 39.806(1)(c) was tried by implied consent where extensive evidence was introduced during the hearing implicating section 39.806(1)(c), the attorneys discussed this ground in closing, and the mother's counsel did not object); compare T.M. v. Dep't of Children & Families, 905 So.2d 993, 996 (Fla. 4th DCA 2005) (issue of termination based on abandonment *1133 was not tried by implied consent where the father's counsel objected to this ground at trial).
The present case is also readily distinguishable from R.S. v. Department of Children & Families, 872 So.2d 412 (Fla. 4th DCA 2004), relied upon by W.S. There, we found a violation of due process where the trial court terminated parental rights on a ground that was not raised in the petition, was not mentioned in opening statements, and was not tried by implied consent. Id. at 413. Indeed, in R.S., the ground was not even mentioned until the trial court's ruling. Here, by contrast, it is clear that the issue of whether the father materially breached the case plan was tried by implied consent.
We also reject the contention that failure to cite to the exact statutory reference for a ground for termination alleged in the petition is fatal, so long as the substance of the ground is alleged in the pleading. See § 39.802(4)(a), Fla. Stat. ("A petition for termination of parental rights filed under this chapter must contain facts supporting the following allegations: (a) That at least one of the grounds listed in s. 39.806 has been met."). (emphasis added). Cf. B.H. v. State, 645 So.2d 987, 996 (Fla. 1994) (in the criminal context, an erroneous reference to a statute in a charging instrument is not fatal to the conviction if the necessary elements of the offense otherwise are properly alleged). In this case, while the petition did not cite section 39.806(1)(e)1., the DCF alleged that W.S. had failed to substantially comply with the case plan.
Finally, the trial court's judgment is supported by substantial competent evidence. Although W.S. was in jail for a period of time during the case plan, W.S.'s case worker had contact with W.S. and made referrals for him which he did not follow. W.S. failed to contact the case worker and saw his infant child only once. On these facts, the trial court was free to conclude that W.S.'s incarceration did not prevent him from making some effort to complete his case plan. In T.C. v. Department of Children & Families, 961 So.2d 1060, 2007 WL 2119245 (Fla. 4th DCA July 25, 2007), which we find to be on point, we squarely rejected a mother's argument that an order of termination was not appropriate because any breach of her case plan was occasioned by her incarceration and the DCF's failure to provide her services during such time. In T.C., we found that competent substantial evidence supported the termination pursuant to 39.806(1)(e)2., noting that the mother failed to avail herself of the DCF's referrals and services in the months leading up to her incarceration. Likewise, in this case, W.S. made no effort at all to comply with the case plan during the times when he was not incarcerated. Termination of W.S.'s parental rights was warranted under section 39.806(1)(e).
For these reasons, we affirm the final judgment of termination of W.S.'s parental rights.[1]
GUNTHER and GROSS, JJ., concur.
NOTES
[1] In light of this disposition, we decline to consider whether termination was also warranted under section 39.806(1)(c).