IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KEVIN CARTER,

       Appellant,

 v.                                  Case No.  5D17-1189

DEBORAH HART F/K/A
DEBORAH CARTER,

       Appellee.

_____/

Opinion filed March 16, 2018

Appeal from the Circuit Court
for Osceola County,
Diana M. Tennis, Judge.

Moses R. Dewitt, of Dewitt Law Firm,
P.A., Orlando, for Appellant.

No Appearance for Appellee.


LAMBERT, J.

Kevin Carter ("Former Husband") appeals an order denying his motion for temporary relief regarding his alimony obligations and granting Deborah Hart's ("Former Wife") motion for civil contempt for his failure to pay alimony.  We affirm.

The parties' marriage was dissolved in 2013 with the final judgment ordering Former Husband to pay Former Wife $750 per month in permanent periodic alimony.  In February 2016, Former Husband filed a supplemental petition to reduce or eliminate his

alimony payment based upon two alleged substantial changes in circumstances since the final judgment. Shortly thereafter, Former Wife filed a pro se motion for contempt because Former Husband had stopped paying his monthly alimony. Following a hearing on Former Wife's motion, the court deferred its ruling and provided Former Husband leave to file an amended supplemental petition for modification of alimony, which he did. Subsequently, Former Husband also filed a motion for temporary relief to reduce or eliminate alimony.

The trial court held a simultaneous hearing on Former Husband's motion for temporary relief and Former Wife's motion for contempt. Both parties were present and testified at the hearing, and Former Husband was represented by counsel. The court denied Former Husband's motion, without prejudice, finding that some aspects of Former Husband's testimony were "not particularly credible" and that he "had not proven a substantial permanent involuntary change of circumstances" to justify a reduction in his alimony payment. The court granted Former Wife's motion, finding Former Husband to be in willful contempt of the final judgment for failing to pay alimony while having the ability to do so. The court determined that Former Husband's alimony arrearages totaled $7096.28 and set that amount as the purge to be paid. The court order also provided Former Husband with forty days to pay the purge amount[1] and that if he failed to do so, Former Husband was to be "incarcerated indefinitely," until the purge was paid.

On appeal, Former Husband first argues that the trial court erred in holding a hearing on Former Wife's later-filed motion for contempt for nonpayment of support while his supplemental petition for a downward modification of alimony was pending. *See*

---

[1] Neither party contests this provision.

*Rosenblum v. Rosenblum*, 178 So. 3d 49, 50 (Fla. 1st DCA 2015) (holding that former husband was entitled to have his motion to modify child support heard and resolved before or simultaneously with the hearing on the former wife's later-filed motion for contempt); *Herrera v. Sanchez*, 885 So. 2d 480, 481–82 (Fla. 5th DCA 2004) (reversing the order of contempt for failure to hold a hearing on a petition for downward modification, among other reasons). We conclude that Former Husband is not entitled to relief because the trial court held a simultaneous evidentiary hearing on Former Wife's motion for contempt and Former Husband's motion for temporary reduction or termination of alimony that contained the identical allegations and grounds for relief contained in his amended supplemental petition for modification of alimony.[2]

Former Husband's remaining arguments challenge certain aspects of the contempt provisions of the order on appeal. Preliminarily, we observe that Former Husband raises no issue with the trial court's finding of civil contempt, but instead argues that the court erred in finding that he had the then-present ability to pay the purge amount. *See Bowen v. Bowen*, 471 So. 2d 1274, 1280 (Fla. 1985) ("In the event [civil] contempt is found, the trial judge must separately find that the contemnor has the present ability to pay the purge amount before incarceration can be imposed to obtain compliance with the court order."). We review the trial court's decision to exercise its civil contempt power under an abuse of discretion standard of review. *Jaffe v. Jaffe*, 17 So. 3d 1251, 1253 (Fla. 5th DCA 2009) (citing *Fox v. Haislett*, 388 So. 2d 1261, 1265 (Fla. 2d DCA 1980)).

---

[2] We also reject, without further discussion, Former Husband's argument that the trial court was "prohibited" from holding a hearing on *his* motion to temporarily reduce or terminate his alimony obligation.

Excluding any reference by the trial court in its order regarding Former Husband's ability to use credit cards to pay his purge, the court nevertheless found that Former Husband's available assets exceeded the purge amount, thus evidencing his present ability to pay the purge. *See Bowen*, 471 So. 2d at 1279 ("In determining whether the contemnor possesses the ability to pay the purge amount, the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to *all assets* from which the amount may be obtained."). The court also provided in its order that if Former Husband had not paid his purge within forty days and was thereafter incarcerated, Former Husband was to be brought back before the court within forty-eight hours for a hearing to determine his continuing ability to pay the purge.[3] Under these facts and circumstances, we find no abuse of discretion.

Finally, Former Husband asserts that his due process rights were violated in two ways because Former Wife did not specifically request incarceration in her pro se motion for contempt and neither her motion for contempt nor the notice of hearing complied with Florida Family Law Rule of Procedure 12.615(b) because the following language from this rule was lacking:

> FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.

Addressing the latter assertion, our record does not reveal whether this caveat was provided to Former Husband in any notice of hearing. Regardless, Former Husband is

---

[3] Former Husband has not contested this provision of the order.

not entitled to relief. In *Martyak v. Martyak*, 881 So. 2d 48 (Fla. 4th DCA 2004), the Fourth District explained that at a civil contempt hearing, the trial court proceeds differently depending upon whether or not the alleged contemnor is present for the hearing. 881 So. 2d at 49. If present, the court is to determine whether the alleged contemnor has the present ability to pay and willfully failed to pay. *Id.* "[I]f the alleged contemnor is *not* present, then the court is to set a reasonable purge amount and may issue the writ of bodily attachment that was threatened in the notice [required by rule 12.615(b)]." *Id.* at 49–50. However, if the writ is issued, the contempt order must direct that upon execution of the writ, the alleged contemnor is to be brought before the court within forty-eight hours for a hearing on whether he or she has the present ability to pay support and, if so, whether the failure to pay is willful. *Id.* at 50 (quoting Fla. Fam. L. R. P. 12.615(c)(2)(B)).

Here, Former Husband, unlike Mr. Martyak, was present with counsel at the contempt hearing and was provided with his due process right to present evidence as to his present ability to pay and whether his failure to pay alimony was willful.[4] Thus, the failure, if any, to include the above language from rule 12.615 in Former Wife's motion for contempt did not adversely affect Former Husband's due process rights to notice and an opportunity to be heard and present evidence. Finally, at the start of the contempt hearing, the trial court unequivocally placed Former Husband on notice that he was facing

---

[4] As previously stated, Former Husband has not challenged the trial court's finding that his failure to pay alimony was willful. Former Husband's testimony at the contempt hearing established that shortly after Former Wife filed her motion for contempt, Former Husband settled a separate, unrelated lawsuit and received just under $24,000 in settlement proceeds. Former Husband paid nothing towards his arrearages, paid no further monthly alimony payments, and at the time of the hearing, had almost completely depleted these funds.

potential incarceration as a sanction for contempt. At no point during the hearing did Former Husband object or otherwise argue that this sanction or remedy for his potential contempt was unavailable because Former Wife did not request it in her motion.[5] *See In re D.J.*, 9 So. 3d 750, 755 (Fla. 2d DCA 2009) (finding that due process concerns are alleviated through implied consent, when arguments and evidence are presented on the issue at trial without objection by the opposing party (citing *W.S. v. Dep't of Child. & Fams.*, 961 So. 2d 1131, 1132 (Fla. 4th DCA 2007); *K.S. v. Dep't of Child. & Fams.*, 940 So. 2d 577, 578 (Fla. 5th DCA 2006))).

For these reasons, we affirm the order under review in all respects.

AFFIRMED.

PALMER and WALLIS, JJ., concur.

---

[5] Former Husband's counsel below is also his counsel on appeal.