DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.O.,** the Father,
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D20-2615

[June 9, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Laurie E. Buchanan, Judge; L.T. Case No. 2019000118DPAXMX.

Crystal J. Marsh of Marsh Law Firm, P.A., Stuart, for appellant.

Andrew Feigenbaum, Children's Legal Services, West Palm Beach, for appellee.

Thomasina F. Moore, Statewide Director of Appeals, Statewide Guardian Ad Litem Office, Tallahassee, for Guardian Ad Litem Program.

PER CURIAM.

The Department of Children and Families petitioned for termination of parental rights as to the mother and J.O. ("the father") based on a material breach of the case plan and abandonment of the children. After an adjudicatory hearing, the trial court terminated the parental rights of both parents. The father appeals.

We affirm the termination of parental rights on the ground of material breach of the case plan. The evidence established that in February 2020, the father consented to a dependency case plan, which required him to complete a substance abuse evaluation and follow up on recommendations, submit to random drug tests, contact his case manager every fourteen days, undergo a mental health evaluation and complete any treatment and education determined to be necessary, participate in a batterer's intervention program, undergo a parenting evaluation, and participate in parenting education classes and follow all

recommendations, among other tasks. The parents were granted supervised visitation. The case plan had a goal of reunification by August 17, 2020.

On the day the case plan was accepted, the case manager referred the father to a batterer's intervention program. There is no evidence he attended. Shortly after the case plan began, the father submitted to two drug tests and a substance abuse evaluation. He tested positive for marijuana, methamphetamine, amphetamines, and alcohol. The substance abuse evaluator advised the father to enter the New Horizons detox program, and she informed him he would be referred to an inpatient program while there. She recommended he complete a 90-day inpatient substance abuse program and submit to further random drug tests. The father's case manager also instructed the father go to the detox program. The father failed to follow through and did not submit to any more drug tests. A parenting evaluation was scheduled for the day after the father's substance abuse evaluation, but he failed to attend. Afterward, and for a three-month period, the father did not respond to the case manager's telephone calls and texts, actually hanging up on her on the occasion she was able to make contact with him. He did not submit a requested schedule for supervised visitation, and thus did not take advantage of the opportunity to have supervised visits with the children. He did not provide any sort of child support and did not ask how the children were doing. The case manager did not refer the father for other services, such as a mental health evaluation and parenting classes, because the father needed to attend a detox program first.

In early April 2020, during an encounter with the father, a detective with the Okeechobee Sheriff's Office found synthetic marijuana in the father's vehicle. The father was not arrested at that time due to capacity limits at the jail. The father was arrested in late May 2020 for possession of methamphetamine. At that point in time, due to the pandemic, the jail no longer offered services such as Narcotics Anonymous meetings. After the father was arrested, he wrote letters to the children.

We affirm the termination of the father's parental rights, as there was competent substantial evidence supporting the trial court's finding of a material breach of the case plan. The father argues that he was unable to comply with his case plan due to his incarceration and the Department's lack of a provision of services. We reject this argument, as the father was at liberty for a significant period of the case plan and failed to report to detox and keep in contact with his case manager so that he could avail himself of services. *See A.F. v. Dep't of Children & Families*, 276 So. 3d 61, 65 (Fla. 1st DCA 2019) (affirming termination where the father had several

2

months to work on his case plan before his incarceration, yet failed to avail himself of services); *W.S. v. Dep't of Children & Families*, 961 So. 2d 1131, 1133 (Fla. 4th DCA 2007) (affirming termination where the father "made no effort at all to comply with the case plan during the times when he was not incarcerated"); *T.C. v. Dep't of Children & Families*, 961 So. 2d 1060, 1061-62 (Fla. 4th DCA 2007) (affirming termination where mother failed to avail herself of services offered by the Department during the period she was at liberty and instead continued to use drugs and failed to give the Department her contact information).

The father relies on cases that are distinguishable. Unlike in *In re C.N.*, 51 So. 3d 1224 (Fla. 2d DCA 2011), the Department here did not rely on the father's arrest and incarceration to prove a material breach of the case plan. Further, *T.M. v. Department of Children & Families*, 905 So. 2d 993 (Fla. 4th DCA 2005), is distinguishable in that the father there was incarcerated at the inception of the case plan, and the Department made no effort to assist the father in securing services while in prison. Here, the father was at liberty for much of the period of his case plan, and the Department attempted to offer him services during that time.

The father asserts, without any record evidence, that services were not available during the time he was at liberty. The record indicates otherwise, as he underwent a substance abuse evaluation, he was referred to New Horizons for detox, and he was scheduled for a parenting evaluation.

The Department also sought to terminate the father's parental rights based on abandonment. However, the final judgment is not clear as to whether the trial court terminated based on this ground. There are conflicting provisions in the judgment. The judgment provides on page two that there was clear and convincing evidence supporting termination on both material breach and abandonment. But the court made findings only as to material breach and it concluded later in the judgment that termination was based on material breach. As such, we remand for entry of an amended final judgment clearly indicating whether termination also is based on abandonment and making the required findings. *See* § 39.809(5), Fla. Stat. (2020) (requiring order on adjudicatory hearing for termination of parental rights petition to contain findings of fact and conclusions of law); § 39.811(5), Fla. Stat. (2020) (requiring termination order to "briefly stat[e] the facts upon which its decision to terminate the parental rights is made").

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER, CIKLIN and ARTAU, JJ., concur.

3

*        *        *

*Not final until disposition of timely filed motion for rehearing.*