DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.J.,** the mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D21-819

[August 18, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacey Schulman, Judge; L.T. Case No. 06-2016-DP-004875-AXXX-CE.

Antony P. Ryan, Director, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Sara Elizabeth Goldfarb, Senior Attorney, Appellate Division, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

DAMOORGIAN, J.

M.J. ("the Mother") appeals the final judgment terminating parental rights to her two children. The trial court terminated the Mother's rights based on three statutory grounds: section 39.806(1)(c) (continuing involvement of the parent in the parent-child relationship threatens the child's well-being irrespective of services); section 39.806(1)(e)1. (failure to substantially comply with the case plan); and section 39.806(1)(e)2. (material breach of the case plan), Florida Statutes (2019). We affirm on the first two statutory grounds without further comment. Because section 39.806(1)(e)2. was not raised as a basis for termination in the petition to terminate parental rights, we reverse and remand for the trial court to

strike that portion of the order. *See J.C. v. Dep't of Child. & Fams.*, 959 So. 2d 431, 431–32 (Fla. 4th DCA 2007) (reversing and remanding portion of final judgment that based termination of parental rights on a ground not pled); *R.S. v. Dep't of Child. & Fams.*, 872 So. 2d 412, 413 (Fla. 4th DCA 2004) (holding that it is a denial of due process to terminate parental rights based on a statutory ground not pled in the petition, not raised during opening statements, and not tried by consent). However, since two other statutory grounds support termination, "the ultimate outcome of this case is not impacted by the need to correct this error." *R.S.*, 872 So. 2d at 413.

*Affirmed in part, reversed in part, and remanded.*

LEVINE and KUNTZ, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***