DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARMANDO PRIDA HUERTA,**
Appellant,

v.

**MONICA A. MORALES GRAJALES,**
Appellee.

No. 4D22-796

[February 22, 2023]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina A. Keever-Agrama, Judge; L.T. Case No. 502018DR005834NBFH.

Robert J. Hauser of Sniffen & Spellman P.A., West Palm Beach, for appellant.

Stacey D. Mullins and Holly Davidson Schuttler of GrayRobinson, P.A., Boca Raton, for appellee.

KLINGENSMITH, C.J.

The husband in a pending divorce case appeals an order granting the wife's motion for civil contempt based on his failure to pay court-ordered temporary support.[1]  We reverse the contempt order because the court erred in ordering the husband's incarceration without providing him an opportunity to establish his inability to pay the court-ordered temporary support.

**Background**

The parties' divorce has been pending since 2018.  In November 2019, the court entered a temporary support order requiring the husband to continue paying all expenses which he had paid during the marriage for the parties' home in Palm Beach County.  In August 2021, the court held the husband in contempt for failing to pay $143,645.00 in outstanding

---

[1] The order on appeal also addressed other issues not discussed in this opinion.

household expenses and ordered him to pay those expenses within thirty days. The court also ordered the husband to pay within ten days $36,343.00 in temporary attorney's fees and $74,627.30 in temporary forensic accounting fees.

The wife later moved for civil contempt to enforce the August 2021 order, alleging the husband had failed to pay the amounts ordered within the time provided. At the contempt hearing, the husband's attorney did not dispute the husband had failed to pay temporary support as ordered in August 2021 but sought to call witnesses to establish he did not have the present ability to pay. Because the husband did not personally appear for the hearing, the court refused to allow the attorney to call these witnesses.

The court granted the wife's motion for contempt, and, relying on testimony from the wife's forensic accountant, found the husband had the ability to pay support as ordered in August 2021 but had willingly failed to do so. The court issued a writ of bodily attachment and set a purge amount of $254,474.00. This appeal followed.

## Analysis

The husband argues the court violated his due process rights by ordering his incarceration without providing him an opportunity to establish his present inability to pay temporary support as ordered in August 2021. Normally, a contempt judgment will not be overturned unless "the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error." *Napoli v. Napoli*, 142 So. 3d 953, 954–55 (Fla. 4th DCA 2014). However, "[w]hether a trial court has complied with the guarantees of due process is reviewed de novo." *Ackerman v. HMC Assets, LLC*, 338 So. 3d 295, 296–97 (Fla. 4th DCA 2022).

An alleged contemnor in a family support matter is presumed to have the ability to pay court-ordered support, but it is well established a court cannot order incarceration as a sanction for civil contempt without giving the alleged contemnor an opportunity to show he does not have the present ability to pay support as ordered. *See Bowen v. Bowen*, 471 So. 2d 1274, 1278–79 (Fla. 1985); *Accardi v. Accardi*, 276 So. 3d 10, 13 (Fla. 4th DCA 2019). "In the area of civil contempt, due process requires that notice to the contemnor and an opportunity to be heard precede the imposition of sanctions . . . ." *Hipschman v. Cochran*, 683 So. 2d 209, 211 (Fla. 4th DCA 1996); *see also Chetram v. Singh*, 937 So. 2d 716, 719 (Fla. 5th DCA 2006) ("Where jail is the sanction for civil contempt, the court must grant the

2

contemnor an opportunity to establish inability to pay before he can be incarcerated.").

Florida Family Law Rule of Procedure 12.615(c)(2)(B) applies when an alleged contemnor in a family support matter fails to appear for a contempt hearing after being given sufficient notice. Under that rule, if the court finds the alleged contemnor has failed to pay court-ordered support, then it shall set a reasonable purge amount and may issue a writ of bodily attachment. Fla. Fam. L. R. P. 12.615(c)(2)(B). However, if the court issues a writ of bodily attachment, it must direct the alleged contemnor be brought before the court, within forty-eight hours of execution of the writ, for a hearing on whether he has the present ability to pay support and has willfully failed to do so. *Id.*; *see Martyak v. Martyak*, 881 So. 2d 48, 49–50 (Fla. 4th DCA 2004).

The court in this case erred in failing to provide the husband with an opportunity to establish whether he had the present ability to pay. We also note that before doing so, the court did not order the husband's personal appearance at the hearing. Because the husband sent his attorney to appear for him at the hearing, his personal non-attendance could not, without more, be construed as a willful failure to comply with the court's order. Had the court deemed his non-appearance to be a violation of its order, the appropriate remedy would have been to issue a writ of bodily attachment and hold a hearing within forty-eight hours of its issuance to determine whether he had the ability to pay.

Neither could the husband's personal non-appearance trigger an automatic finding of his ability to pay. Before a court may incarcerate a party for failure to pay, the court must inquire into the party's ability to pay and determine whether the party had the ability to pay but willfully refused to do so. *Cf. Del Valle v. State*, 80 So. 3d 999, 1002 (Fla. 2011) ("[A]n automatic revocation of probation without evidence presented as to ability to pay to support the trial court's finding of willfulness violates due process."). Accordingly, to support a finding that the violation was willful, the wife must present sufficient evidence of willfulness, including that the husband has, or has had, the ability to pay. Once the wife has provided sufficient evidence of willfulness by a preponderance of the evidence, the burden then shifts to the husband to prove the inability to pay by a preponderance of the evidence.

We therefore reverse the order granting the wife's motion for civil contempt. On remand, the court must enter a new order that complies with rule 12.615(c)(2)(B) and sets a hearing on the husband's ability to pay the court-ordered temporary support by ordering his personal appearance,

and upon a failure to appear, ordering a writ of bodily attachment to secure his attendance.

We affirm as to all other issues raised in this appeal without discussion.

*Affirmed in part, reversed in part and remanded.*

DAMOORGIAN and ARTAU, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***