DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PALM BEACH COUNTY,**
Appellant/Cross-Appellee,

v.

**SHARON WILSON,**
Appellee/Cross-Appellant.

Nos. 4D2022-0701 and 4D2023-0062

[April 24, 2024]

Consolidated appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 2016CA011847AXX.

Helene C. Hvizd, Senior Assistant County Attorney, and Toni-Ann S. Brown, Assistant County Attorney, Palm Beach County Attorney's Office, West Palm Beach, for appellant/cross-appellee.

Jennifer S. Carroll of Law Offices of Jennifer S. Carroll, P.A., Jupiter, and Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, for appellee/cross-appellant.

FORST, J.

Palm Beach County ("the County") appeals after a jury awarded Sharon Wilson both economic and noneconomic damages on her sex discrimination claim against the County, and the trial court later ordered that a daily fine was to be imposed against the County if it failed to timely reinstate Wilson to her former position.

Following the trial, the County moved for remittitur, which the trial court granted as to the noneconomic damages award. Wilson moved for reinstatement, which the trial court granted, and front pay (for the period between the verdict and the court-ordered reinstatement date), which the trial court denied. Wilson cross-appeals the remittitur of the noneconomic damages award and denial of her front pay request.

We affirm without discussion on three issues that the County raises regarding the underlying trial, and affirm on Wilson's cross-appeal in its

entirety.  As discussed below, we reverse the trial court's premature and speculative imposition of a daily fine.

## Background

Wilson sued the County for discrimination that she endured while employed as a firefighter/paramedic recruit in the County's fire academy program.  After the jury found in Wilson's favor on her sex discrimination claim, Wilson subsequently sought to be reinstated to her former position in the fire academy program.

The trial court granted Wilson's request for reinstatement, but its order did not specify when reinstatement was to take effect.  However, as discussed on the record, the County's next available fire academy class was scheduled to begin in roughly six months, which would allow Wilson to complete the physical training requirements in the meantime.  The trial court acknowledged that Wilson would need to be current on her certifications and be re-trained given the nature of the job in ensuring public safety.

Wilson alleged in a later motion that the County was delaying the reinstatement process by refusing to schedule Wilson's medical testing.  Wilson's motion did not seek sanctions against the County, nor specify that she would be seeking sanctions against the County.

During the hearing on Wilson's motion, the trial court orally pronounced the specific reinstatement date, which was approximately five weeks after the hearing.  The trial court also proposed sanctioning the County if the County failed to reinstate Wilson by the specified reinstatement date.  The trial court stated, "if I just ordered [Wilson] to be reinstated, you know what, [the County] could just sit on [its] hands and wait years and years and years to reinstate her.  So, there has to be a monetary sanction, so to speak, for [the County] to act in a timely manner on the Court's directives that [the County] hire[s] her."

The trial court calculated a $150 daily fine based on the daily salary of a County fire academy/paramedic recruit, which the County was to pay directly to Wilson in the event the County failed to reinstate her by the provided reinstatement date.  The trial court's written order was issued a week later, echoing its oral pronouncement, and referring to the $150 daily fine as a sanction.  The County did not reinstate Wilson, so the fine began to accrue.  This appeal follows.

2

**Analysis**

The appellate court "will only reverse a trial court's decision to impose sanctions if the trial court has abused its discretion." *Santini v. Cleveland Clinic Fla.*, 65 So. 3d 22, 35 (Fla. 4th DCA 2011). However, "the denial of due process is reviewed for fundamental error." *Strems Law Firm, P.A. v. Avatar Prop. & Cas. Ins. Co.*, 297 So. 3d 592, 593 (Fla. 4th DCA 2020).

### *Lack of Notice and Unrequested Relief*

The County argues that the trial court denied the County due process when, during the hearing on Wilson's motion, it sua sponte proposed a monetary sanction if the County failed to timely reinstate Wilson. We agree with the County. "A person facing civil contempt sanctions is entitled to notice and an opportunity to be heard." *Chetram v. Singh*, 937 So. 2d 716, 719 (Fla. 5th DCA 2006); *see also Wanda I. Rufin, P.A. v. Borga*, 294 So. 3d 916, 918 (Fla. 4th DCA 2020) (holding that a sanction imposed against an attorney denied her due process when the notice of hearing failed to place that attorney on notice that she would be personally subjected to sanctions); *Johnson v. Cherry*, 422 F.3d 540, 549 (7th Cir. 2005) (discussing that a lower court's decision "to impose sanctions *sua sponte* without adequate notice to the sanctioned party also represents an abuse of the court's sanctions power").

Here, the trial court anticipated that the County would not timely reinstate Wilson. Thus, without Wilson requesting a sanction, the trial court on its own crafted the $150 daily fine sanction to compel the County's future compliance. *See Strems*, 297 So. 3d at 594 (trial court's imposition of sanction against attorney was improper when client neither moved for sanctions nor provided notice that he would seek sanctions). This was improper and an abuse of discretion. *See id.*

### *The County Was Not in Contempt When the Court Proposed and Ordered the Sanction*

Most contempt sanctions are designed to "punish a prior offense as well as coerce an offender's future obedience." *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994). While the trial court can impose a per diem civil fine, discussion of such a sanction may be premature when contempt has not occurred.

Notably, when the trial court ordered the sanction to take future effect, it simultaneously notified the County of the specific reinstatement date. The County was not in contempt at that point, so discussion of a sanction was premature, especially when Wilson never requested this relief. *See*

3

*Strems*, 297 So. 3d at 594 ("A trial court cannot award relief not sought by the pleadings."); *Rufin*, 294 So. 3d at 917.

Moreover, Wilson's economic damages in the event of an untimely reinstatement could not be foreseen at the time that the trial court announced a $150 per day sanction. The trial court denied Wilson's motion for front pay to cover the period between verdict and the projected date of reinstatement, reasoning: "[T]here should not be front pay, especially since [Wilson's] been working. She could have reapplied [following her termination]. She's been working." Similarly, when the trial court announced and imposed the sanction, it was conceivable that Wilson would remain employed (and receive pay comparable to her projected salary as a firefighter) if her reinstatement was delayed. Thus, the imposition of a sanction in a predetermined amount was, under the circumstances, speculative.

## Conclusion

Because the trial court denied the County due process before proposing and imposing the $150 daily fine sanction, we reverse and remand with instructions for removal of this sanction. We otherwise affirm with respect to the issues raised in the appeal and cross-appeal.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4